**CHENG LING YANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–1193–ag.**

United States Court of Appeals, Second Circuit.

Feb. 20, 2008.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Emily Anne Radford, Assistant Director; John W. Blakeley, Trial Attor-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

ney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Cheng Ling Yang, ("Yang") a native and citizen of the People's Republic of China, seeks review of a February 28, 2007 order of the BIA affirming the July 1, 2005 decision of Immigration Judge ("IJ") George T. Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cheng Ling Yang,* No. A96–224–960 (B.I.A. Feb. 28, 2007), *aff'g* No. A96–224–960 (Immig. Ct. N.Y. City Jul. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc).

As a preliminary matter, we note that the application for relief Yang presented to the IJ was based almost exclusively on her claim that she would be persecuted if returned to China pursuant to that country's family planning policy. However, on appeal to the BIA, Yang advanced the argument that the IJ had erred by failing to properly analyze her CAT claim to the extent it was based on her illegal departure from China. Before this Court, Yang again makes no argument with respect to her family planning claim. Accordingly, we deem any such claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Thus, the only issue before this Court is whether the BIA erred in finding that Yang did not establish a likelihood of torture on the basis of her illegal departure from China. Although the Government argues that we lack jurisdiction to reach that issue because Yang failed to exhaust it, that argument is unavailing where Yang presented the same argument to the BIA that she presents here. *Cf. Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

Nonetheless, we find that the BIA's denial of Yang's CAT claim arising from her illegal departure from China was supported by substantial evidence. In her brief to the BIA, Yang cited background documents about the practice of torture in China, but the BIA properly concluded that "the background evidence does not support the conclusion that she is in any danger of persecution for leaving China illegally." This Court has expressly held that the agency does not err in finding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China." *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005). As we have explained "[w]ere such a showing sufficient to secure relief under the CAT, any asylum-seeker arriving in the United States illegally from China would equally be entitled to such relief. Neither the CAT, nor the domestic regulations implementing that Convention, anticipate or require such a result." *Id.* at 160. Thus, while "conced[ing] that there is

a risk that any individual detainee in China may be subjected to repressive conditions in prison," we have held that this generalized risk alone does not suffice to carry the burden of demonstrating that a particular petitioner is more likely than not to be tortured if repatriated to China. *Id.*; *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007). Because Yang provided no individualized evidence of a threat of torture, the BIA's denial of relief under CAT was supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. The stay of removal in this petition is DISMISSED as moot.